# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANNA TZVETANOVA, | )<br>) |
|         Plaintiff, | )  Case No. 2:12-cv-02069-RCJ-CWH |
| v. | )<br>)  **ORDER** |
| WAL-MART STORES, INC., | )<br>) |
|         Defendant. | ) |

This matter is before the Court on Defendant Wal-Mart Stores, Inc.'s Motion for Attorney Fees and Costs (#27), filed on April 24, 2013. The Court also considered Plaintiff Anna Tzvetanova's Response (#30), filed on May 1, 2013, and Defendant's Reply (#37), filed May 10, 2013.

## BACKGROUND

On March 8, 2013, Plaintiff Anna Tzvetanova filed an Emergency Motion for Protective Order and to Extend Discovery Deadlines (#10). On March 11, 2013, Defendant Wal-Mart filed its Opposition to Plaintiff's Motion and a Counter-Motion. *See* Motions #16-17. Defendant contends that Plaintiff stipulated to an independent medical examination ("IME") and unilaterally cancelled it the day prior. Plaintiff argued that she did not stipulate to an independent medical examination and therefore Defendant was required to obtain an order from the court.

On March 12, 2013, the Court denied Plaintiff's Motion to Extend Discovery Deadlines and granted Plaintiff's Motion for Protective Order to the extent that the deposition would not go forward on the date noticed. *See* Minutes of Proceedings #19. On April 10, 2013, the Court granted Defendant's Motion to Compel Rule 35 IME of Plaintiff and Motion for Sanctions. *See* Minutes of Proceedings #25. The Court also ordered Defendant to submit an Application for Attorney's Fees and Costs incurred with respect to Plaintiff's Motion and Defendant's Counter-

Motion. Per the Court's Order, Defendant filed an affidavit on April 24, 2013 in which Defense Counsel, Siria L. Gutierrez ("Ms. Gutierrez"), requests $4,199.00 in fees based on an hourly rate of $170.00 and 24.7 hours of work. Ms. Gutierrez also requests $2,511.28 in costs for the cancellation of the IME. In response, Plaintiff asserts an award of fees for certain items in the affidavit are unwarranted because they relate to future events. Plaintiff also contends that certain costs related to the IME should not be awarded unless Defendant is able to provide invoices for those costs. *See* Pla.'s Resp. #30. In Defendant's Reply, it withdrew two expenses associated with the cancelled independent medical examination and provided an invoice for the outstanding charge. *See* Def.'s Reply #37.

## DISCUSSION

### A.   Sanction Pursuant to Rule 37

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party of attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances makes an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1998)).

Plaintiff disputes Defendant should not recover the entire amount for attorney's fees for a couple of reasons. First, Plaintiff disputes three (3) hours of anticipated fees associated with Defendant's instant Application. Second, Plaintiff argues Dr. McIntire's invoice is incomplete. Plaintiff asserts that once Defendant provides invoices for the costs listed in Dr. McIntire's office

1  invoice, Plaintiff will render said costs.  Plaintiff does not dispute the $650.00 cancellation fee.
2  Defendant withdrew two of the costs related to the cancellation and provided an invoice for the
3  outstanding charge.  Plaintiff does not contend that her response was substantially justified or an
4  award of fees would be unjust as defined by Federal Rule of Civil Procedure 37(c).  Additionally,
5  Defendant provided substantial evidence that it tried to obtain the IME without court action.
6  Accordingly, the Court finds that an award of fees and costs is appropriate in this situation.

### B.     Reasonableness of the Fee Request

The Ninth Circuit affords trial courts discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[1] (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  In most cases, the lodestar figure is a presumptively reasonable fee award.  *Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

### 1.     Reasonable Hourly Rate

---

[1] This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague*, 505 U.S. 557, 561-564 (1992).  *See also Davis v. City &Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds*, 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho*, 523 F.3d at 978. The court may consider rates outside the forum if local counsel were unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id.* (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Accordingly, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F. 3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)). Defendant seeks fees based on an hourly rate of $170.00. Plaintiff raised no objection to this rate and the Court finds that it is reasonable for this forum.

**2.    Reasonable Hours Expended**

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted). "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In cases where the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion. Fed. R. Civ. P. 37(a)(5)(c).

1  Defendant requests reimbursement for $4,199.00 based on a $170 hourly rate for 24.7
2  hours.  Plaintiff argues that the Court should not award fees for the entire amount requested
3  because it includes three (3) hours of anticipated attorney time.  Plaintiff does not dispute any other
4  charges related to attorney's fees.  Defendant contends that 1.8 hours would be spent preparing for
5  and attending a hearing on this matter while 1.2 hours were spent drafting the Reply.  The Court
6  finds that Defendant should not receive fees for a hearing on this Application that did not occur.
7  Accordingly, it will reduce Defendant's requested fee by $306.

8  Defendant also requests reimbursement for cancellation fees associated with the IME.
9  Plaintiff does not dispute the $650.00 cancellation charge, however, will only provide payment for
10  the remaining $1,861.28 in costs once Defendant produces the invoices.  In its Reply, Defendant
11  withdrew its request for the $150.00 flight cancellation fee for lack of documentation and the
12  $1,500.00 travel fee as it will be applied to future IME costs. Def.'s Reply #37, 2.  Defendant has
13  produced an invoice for the hotel accommodations in the amount of $189.28, therefore the Court
14  finds it reasonable to award Defendant costs in the amount of $839.28.

15  In conclusion, the Court finds that Defendant Wal-Mart Stores, Inc. is entitled to $3,893.00
16  in attorney's fees and $839.28 in costs.

17  **IT IS HEREBY ORDERED** that Plaintiff Anna Tzvetanova shall pay Defendant Wal-
18  Mart Stores, Inc. the total sum of **$4,732.28**.  Plaintiff is further ordered to make full payment to
19  Defendant by **July 5, 2013**.

20  DATED this 6th day of June, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**